IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL

Criminal Action No. 95-CR-00411-EWN

UNITED STATES OF AMERICA,

    Plaintiff,
v.

AARON L. SIMMONS,

    Defendant.

---

# ORDER

---

As the chief judge for the district court, I have the authority to divide and assign the business of the court so far as other rules and orders do not otherwise prescribe such assignment. 28 U.S.C. § 137. On the resignation of U.S. District Judge Edward W. Nottingham, I have determined that certain matters pending before Judge Nottingham that have not already been subject to reassignment shall be considered by me.

The pending matters before the court are the defendant's November 25, 1996 "Motion to Come Into Compliance" and March 14, 1997 "Motion for Default Judgment." At the heart of the motions is the defendant's view that because he has received "good-time" credits for earlier completion of his term of imprisonment, his term of supervised release should correspondingly commence earlier than projected. The motion for default judgment is an attempt to institute the goal of the original motion since the court had not issued a ruling. Before addressing the merits of the defendant's request, however, it is worth noting that the defendant was sentenced on March 1, 1996 to a 30-month term of imprisonment, to be followed by a three-year term of

supervised release. Not accounting for any good-time credit, the defendant's completion of sentence should have been completed no later than September 1, 2001. Any possible equitable or legal remedy by the court to expedite the commencement of his term of supervision has long since passed. Accordingly, it is

**ORDERED** that the defendant's motion to come into compliance, and motion for default judgment, are DENIED as moot.

DATED at Denver, Colorado, this __**13th**__ day of February , 2009.

BY THE COURT:


By: s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge